## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

RICKEY FORD,

    Plaintiff,

  v.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.

CIVIL ACTION NO.

3:23-cv-00213-TCB-RGV

## MAGISTRATE JUDGE'S FINAL
## REPORT AND RECOMMENDATION

Plaintiff Rickey Ford ("Ford") initiated this action against defendant Midland Credit Management, Inc. ("Midland"), on November 9, 2023, alleging a single claim for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). [Doc. 1].[1] Midland has filed a motion for judgment on the pleadings, [Doc. 10], which Ford opposes, [Doc. 15], and Midland has filed a reply in support of its motion, [Doc. 16]. Midland also filed a "Notice of Supplemental Authority," [Doc. 20 (emphasis and all caps omitted)], asserting additional grounds in support of its motion for judgment on the pleadings based on rulings in other comparable cases issued after it filed its initial motion, [id. at 1-2], and Ford has not responded.

---

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

For the reasons that follow, it is **RECOMMENDED** that Midland's motion for judgment on the pleadings, [Doc. 10], be **GRANTED**.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Ford alleges that on or about September 12, 2023, he mailed a dispute letter to Midland disputing two debts allegedly owed in which he "stated that only communication by email was convenient and gave [his] email address."  [Doc. 1 ¶¶ 8, 11].[2]  Ford contends that, "[d]espite these clear instructions, . . . . [he] received letter(s) from Midland  .  .  .  in response to his dispute letter which was a communication about the debt and was an attempt to collect the debt."  [Id. ¶ 12]. He asserts that Midland violated § 1692c(a)(1) of the FDCPA "by communicating with [ him] at a place [Midland] knew was no longer convenient," and "[a]s a result of these illegal collection tactics by . . . [Midland], [] Ford has suffered actual damages in the form of invasion of privacy, personal embarrassment, loss of productive time, emotional distress, frustration, anger, humiliation and amongst other negative emotions."  [Id. ¶¶ 14-15].

Ford initiated this action on November 9, 2023, alleging a single claim pursuant to the FDCPA.  [Doc. 1].  Midland has since filed a motion for judgment

---

[2] The factual background is taken from the pleadings and does not constitute findings of fact by the Court.

on the pleadings, [Doc. 10], which Ford opposes, [Doc. 15].  Midland has filed a
reply in support of its motion for judgment on the pleadings, [Doc. 16], and a
notice of supplemental authority in support of its motion, [Doc. 20], which is now
ripe for ruling.

## II.    LEGAL STANDARD

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the
pleadings are closed--but early enough not to delay trial--a party may move for
judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is
appropriate when there are no material facts in dispute and the moving party is
entitled to judgment as a matter of law.'"  King v. Akima Global Servs., LLC, 775
F. App'x 617, 620 (11th Cir. 2019) (per curiam) (unpublished) (citing Scott v. Taylor,
405 F.3d 1251, 1253 (11th Cir. 2005)).

"'A motion for judgment on the pleadings [under Rule 12(c)] is subject to
the same standard as is a Rule 12(b)(6) motion to dismiss.'"  Roma Outdoor
Creations, Inc. v. City of Cumming, 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008)
(quoting Provident Mut. Life Ins. Co. of Philadelphia v. City of Atlanta, 864 F.
Supp. 1274, 1278 (N.D. Ga. 1994)); see also Guarino v. Wyeth LLC, 823 F. Supp. 2d
1289, 1291 (M.D. Fla. 2011) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d
1367, 1370 (11th Cir. 1998)), aff'd, 719 F.3d 1245 (11th Cir. 2013).  Thus, in

3

considering a motion for judgment on the pleadings, the Court must accept Ford's allegations as true and construe the complaint in his favor.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Brown v. Brock</u>, 169 F. App'x 579, 581 (11th Cir. 2006) (per curiam) (unpublished) (citation omitted); <u>Duke v. Cleland</u>, 5 F.3d 1399, 1402 (11th Cir. 1993) (citation omitted).  "However, the court need not 'accept as true a legal conclusion couched as a factual allegation.'"  <u>Smith v. Delta Air Lines, Inc.</u>, 422 F. Supp. 2d 1310, 1324 (N.D. Ga. 2006) (quoting <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)).  "While a complaint attacked by a Rule 12[(c) motion for judgment on the pleadings] does not need detailed factual allegations, [ Ford's] obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (last alteration in original) (citations and internal marks omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level," <u>id.</u> (citation omitted), and the complaint must contain "enough facts to state a claim to relief that is plausible on its face," <u>id.</u> at 570; <u>see also</u> <u>JP Morgan Chase Bank, N.A. v. Sampson</u>, Civil Action No. 1:10-cv-1666-JEC, 2012 WL 949698, at *2 (N.D. Ga. Mar. 20, 2012) (citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  The

Supreme Court in Iqbal held:

> Two working principles underlie our decision in *Twombly*.  First, the
> tenet that a court must accept as true all of the allegations contained
> in a complaint is inapplicable to legal conclusions.   Threadbare
> recitals of the elements of a cause of action, supported by mere
> conclusory statements, do not suffice. . . . Rule 8 marks a notable and
> generous departure from the hypertechnical, code-pleading regime of
> a prior era, but it does not unlock the doors of discovery for a plaintiff
> armed with nothing more than conclusions.  Second, only a complaint
> that states a plausible claim for relief survives a motion to dismiss. . .
> . [W]here the well-pleaded facts do not permit the court to infer more
> than the mere possibility of misconduct, the complaint has alleged–
> but it has not "show[n]"–"that the pleader is entitled to relief."

Id. at 678-79 (last alteration in original) (citations omitted).  "Regardless of the

alleged facts, however, a court may dismiss a complaint on a dispositive issue of

law."  Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013)

(citations and internal marks omitted), adopted at 1336; see also Glover v. Liggett

Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam); Marshall Cnty. Bd. of

Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### III.   DISCUSSION

In its motion for judgment on the pleadings, Midland contends that it is

entitled to judgment as a matter of law on Ford's single FDCPA claim asserted

against it "because the letters it sent to [Ford] were not 'in connection with the

collection of any debt' and therefore do not fall within the FDCPA's scope." [Doc. 10 at 6 (citation omitted)].[3]  Specifically, Midland argues that the letters were sent in response to Ford's request for validation, and they "did not demand payment, [] did not threaten any consequences for failure to pay, and did not include any information concerning where payments should be sent."  [Id. at 8 (citations omitted)].  In his response, Ford contends that the "letters sent by [Midland] contain language stating it is a debt collector, attempting to collect a debt, the

---

[3] Midland has attached the letter Ford sent on September 12, 2023, in addition to the two response letters it sent Ford on September 28, 2023, to its motion for judgment on the pleadings.  See [Docs. 10-1 through 10-3].  Generally, the Court "may not consider matters outside the pleadings without converting [a motion for judgment on the pleadings] to a motion for summary judgment[.]"  Redding v. Tuggle, No. 1:05-cv-2899-WSD, 2006 WL 2166726, at *5 (N.D. Ga. July 31, 2006), adopted at *1; see also Omega Patents, LLC v. Lear Corp., No. 6:07-cv-1422-Orl-31DAB, 2008 WL 821886, at *1 (M.D. Fla. Mar. 20, 2008).  However, the Court may consider an exhibit without converting the motion into a motion for summary judgment if it is "central to the plaintiff's claim and the authenticity of the document is not challenged."  Adamson v. Poorter, No. 06-15941, 2007 WL 2900576, at *2 (11th Cir. 2007) (per curiam) (unpublished) (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam)); see also Edmonds v. Southwire Co., 58 F. Supp. 3d 1347, 1352 (N.D. Ga. 2014) (citation omitted); Atwater v. Nat'l Football League Players Ass'n, Civil Action No. 1:06-CV-1510-JEC, 2007 WL 1020848, at *3 (N.D. Ga. Mar. 29, 2007); Cobb v. Marshall, 481 F. Supp. 2d 1248, 1254 n.2 (M.D. Ala. 2007) (citations omitted).  The Court will thus consider the three letters attached to Midland's motion for judgment on the pleadings without converting the motion to a motion for summary judgment since the exhibits are "central to [Ford's] claim and the authenticity of the document[s is] not challenged."  Adamson, 2007 WL 2900576, at *2 (citations omitted).

original balance, and the current balance along with [Midland's] payment address," and "[t]hese dispositive characteristics indicate debt collection." [Doc. 15 at 2]. In its reply brief, Midland points out that although it "has focused on the fact [Ford] cannot prove the essential element of his claim that the letters were sent 'in connection with the collection of any debt,' [Midland] in no way has waived, and in no way intends to waive, its right to dispute any other element of [Ford's] claim if and when appropriate." [Doc. 16 at 1 n.1]. In its notice of supplemental authority, Ford advances arguments in support of its motion based on rulings in other comparable cases issued after it filed its initial motion. [Doc. 20 at 1-2].

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To state a claim pursuant to the FDCPA, Ford "must show that a debt collector attempted to collect a consumer debt through an act or omission prohibited by the FDCPA." Drew v. Mamaroneck Capital, LLC, CIVIL ACTION No. 5:17-CV-149 (MTT), 2017 WL 4018854, at *3 (M.D. Ga. Sep. 12, 2017) (citing Davidson v. Capital One Bank (USA), N.A., 797 F.3d 1309, 1313 (11th Cir. 2015)). Specifically, "a plaintiff must show that (1) [ he] has been the object of

7

collection activity arising from consumer debt, (2) the defendant[ is a] debt collector[] as defined by the statute, and (3) the defendant[ has] engaged in an act or omission prohibited by the FDCPA." Smith v. Collection Recovery Sols. Int'l, LLC, CIVIL ACTION NO. 1:19-CV-952-MLB-CCB, 2022 WL 1716444, at *5 (N.D. Ga. Jan. 25, 2022) (citation omitted), adopted by 2022 WL 1702509, at *1 (N.D. Ga. Feb. 22, 2022).

Ford alleges that Midland violated § 1692c(a)(1) of the FDCPA. See [Doc. 1]. Pursuant to 15 U.S.C. § 1692c(a)(1), a debt collector may not communicate with a consumer in connection with the collection of any debt:

> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location[.]

15 U.S.C. § 1692c(a)(1). Although the parties principally focus their arguments on the first part of the statute—whether the letters at issue were sent in connection with the collection of a debt, see [Docs. 10 & 15]—the content of Ford's letter, the allegations in the complaint, and the statutory language reflect that Ford "failed to plead that [either of Midland's] letter[s were] a communication at an unusual time or place," and thus, Ford has failed "to plausibly allege a violation of § 1692c(a)(1) as a matter of law," Kirk v. Credit Mgmt. L.P., CIVIL CASE NO. 2:23-cv-482-ECM,

8

2024 WL 3240564, at *3 (M.D. Ala. June 28, 2024). Ford's letter to Midland states, in pertinent part:

> I received a copy of my credit report and found you are reporting a debt. However, I am practicing my right as a consumer, and I am requesting validation of debt under 15 U.S.C. 1692g. Any itemized breakdown of how you calculated what you claim I owe would be appreciated, and is in fact required. Also, I do request you only contact me by my email address. . . . It will speed up this process a whole lot[]. I appreciate you taking the time to assist me in this matter and I am looking forward to receiving your response.

[Doc. 10-3 at 2]. Although not specifically stated in the letter, Ford's September 12, 2023, "letter implies all non-email communication are inconvenient, regardless of the time and place that [communication] is received." Marks v. Javitch Block LLC, CIVIL ACTION NO. 1:23-CV-431-MJT-CLS, 2024 WL 838709, at *3 (E.D. Tex. Feb. 27, 2024) (footnote and citation omitted), adopted by 2024 WL 1134037, at *3 (E.D. Tex. Mar. 14, 2024). Ford "does not allege that he would find receiving an email at his home at the same time the letter was received at his home to be inconvenient, meaning his dispute is with the chosen medium of the communication." Id.; see also Kirk, 2024 WL 3240564, at *2. Thus, Ford "only communicated an inconvenient manner of communication, not an inconvenient time or place for communication, which is not a violation of § 1692c(a)(1)," Kirk, 2024 WL 3240564, at *1; see also White v. LVNV Funding, LLC, Case No. 2:24-cv-00140-CDS-BNW, 2024 WL 365404, at *2 (D. Nev. Jan. 30, 2024) (third and fourth alterations in

original) (stating that the FDCPA "does not require that the debt collector comply with [p]laintiff's preferences" where the plaintiff "simply allege[d] that it was not convenient to receive a letter and that she asked to be emailed" and that plaintiff failed "to allege any facts supporting the conclusion that her receipt of the letter constituted a communication 'at [an] unusual time or place. . . which should be known to be inconvenient to the consumer'"), and Ford's "preference for email communication, therefore, falls outside the scope of his right to limit the time and place of communications from the debt collector under the FDCPA[,]" Marks, 2024 WL 838709, at *3 (citations omitted) (finding plaintiff's preference for email communication fell "outside the scope of his right to limit the time and place of communications from the debt collector under the FDCPA" based on the FDCPA's definition of communication "as 'the conveying of information regarding a debt directly or indirectly to any person *through any medium*'"); see also Kirk, 2024 WL 3240564, at *2 (finding the court's analysis in Marks persuasive and determining that the plaintiff failed to plead a violation of § 1692c(a)(1) as a matter of law where plaintiff sent a letter to a debt collector "disputing an alleged debt and stating that the only convenient form of communication was email," but she "then received a verification letter from the debt collector and claimed that letter was a violation of § 1692c(a)(1)," and stating that the plaintiff's dispute was "with the medium of

10

communication, not the time or place of receiving the communication").[4]  Because Ford "has failed to plead a violation of § 1692c(a)(1) as a matter of law," <u>Kirk</u>, 2024 WL 3240564, at *3, it is **RECOMMENDED** that Midland's motion for judgment on the pleadings, [Doc. 10], be **GRANTED**.

## IV.   CONCLUSION

Accordingly, it is **RECOMMENDED** that Midland's motion for judgment on the pleadings, [Doc. 10], be **GRANTED** and that Ford's complaint, [Doc. 1], be **DISMISSED**.

The Clerk is **DIRECTED** to terminate this referral.

---

[4] In its notice of supplemental authority in support of its motion, [Doc. 20], Midland cites a recent ruling by the Honorable Thomas W. Thrash, Jr., Senior United States District Judge, granting a motion to dismiss in a case with very similar allegations in which Midland raised essentially the same arguments, <u>see Loyd v. Midland Credit Mgmt., Inc.</u>, Case No. 1:23-cv-05727-TWT, at [Doc. 13] (N.D. Ga. May 16, 2024); <u>see also</u> [Doc. 20-1].  Specifically, in <u>Loyd</u>, where the plaintiff's complaint was nearly identical to Ford's, Judge Thrash determined that "[f]ailure to comply with the [p]laintiff's preference for email rather than postal mail is not a violation of the [FDCPA]," since "[e]mail or postal mail involve two different mediums of communication," and "[u]se of one or the other by a debt collector does not violate the consumer's right not to be contacted at a time or place known to be inconvenient" based on <u>Marks</u> and <u>White</u>, both of which were decided after Midland filed its motion to dismiss in this case and in <u>Loyd</u>.  [Doc. 20-1 at 2-4].  Judge Thrash's ruling is persuasive and further supports Midland's motion in this case.

**IT IS SO RECOMMENDED** and **DIRECTED**, this 8th day of July, 2024.


RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE